IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCIENTIFIC GAMES ROYALTY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. _____ |
| GTECH CORPORATION, | ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Scientific Games Royalty Corporation ("Scientific Games") for its Complaint against defendant GTECH Corporation ("GTECH") alleges as follows:

## THE PARTIES

1. Scientific Games is a Delaware corporation with offices at 220 Continental Drive, Suite 407, Newark, Delaware 19713.

2. On information and belief, GTECH is a Delaware corporation with its principal place of business at 55 Technology Way, West Greenwich, Rhode Island 02817.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

6. On November 18, 2003, the United States Patent and Trademark Office issued U.S. Patent No. 6,648,753 B1 ("the '753 patent") to Joseph J. Tracy and Mark Guthrie Meyer for an invention entitled "Method of Playing A Group Participation Game." Scientific Games is the owner of the entire right, title and interest in the '753 patent. A copy of the '753 patent is attached hereto as Exhibit A.

7. On February 17, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,692,354 B2 ("the '354 patent") to Joseph J. Tracy and Mark Guthrie Meyer for an invention entitled "Method of Playing A Group Participation Game." Scientific Games is the owner of the entire right, title and interest in the '354 patent. A copy of the '354 patent is attached hereto as Exhibit B.

## COUNT ONE
### (Infringement of the '753 Patent)

8. Scientific Games incorporates paragraphs 1 through 7 by reference as though fully set forth herein.

9. GTECH has been and is infringing, inducing infringement of and/or contributorily infringing the '753 patent in violation of 35 U.S.C. § 271, by, among other things, making, using, selling, and/or offering for sale in the United States, without license or authorization from Scientific Games, systems covered by the '753 patent, including but not limited to the Rhode Island Lottery's Powerball Power Play and Keno Plus games.

10. GTECH's infringement of the '753 patent has caused, and will continue to cause, Scientific Games damages for which Scientific Games is entitled to receive adequate compensation.

11. On information and belief, GTECH's infringement of the '753 patent has been and is willful and deliberate, and will continue unless enjoined by this Court.

12. Scientific Games has no adequate remedy at law.

## COUNT TWO
### (Infringement of the '354 Patent)

13. Scientific Games incorporates paragraphs 1 through 12 by reference as though fully set forth herein.

14. GTECH has been and is infringing, inducing the infringement of and/or contributorily infringing the '354 patent in violation of 35 U.S.C. § 271, by, among other things, making, using, selling, and/or offering for sale in the United States, without license or authorization from Scientific Games, systems covered by the '354 patent, including but not limited to the Rhode Island Lottery's Powerball Power Play and Keno Plus games.

15. GTECH's infringement of the '354 patent has caused, and will continue to cause, Scientific Games damages for which Scientific Games is entitled to receive adequate compensation.

16. On information and belief, GTECH's infringement of the '354 patent has been and is willful and deliberate, and will continue unless enjoined by this Court.

17. Scientific Games has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Scientific Games prays that the Court enter judgment:

(a) Declaring that GTECH has infringed the '753 patent and the '354 patent;

(b) Declaring that GTECH's infringement of the '753 patent and the '354 patent has been willful;

(c) Awarding Scientific Games damages from GTECH adequate to compensate for GTECH's infringement, including interest and costs, and granting injunctive relief should GTECH fail to compensate Scientific Games for its use of the '753 and '354 patents;

(d) Awarding Scientific Games treble damages based on the willfulness of GTECH's infringement;

(e) Granting Scientific Games such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*Scientific Games Royalty Corporation*

May 9, 2005

456343