IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCIENTIFIC GAMES ROYALTY CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>GTECH CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 05-276-JJF<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIM OF DEFENDANT GTECH CORPORATION

Defendant GTECH Corporation ("GTECH"), by its undersigned attorneys, responds to the respectively numbered paragraphs of the Complaint of Plaintiff Scientific Games Royalty Corporation ("Scientific Games") as follows:

1. Admitted.

2. Admitted.

3. GTECH admits that Scientific Games has brought this action alleging patent infringement under Title 35 of the United States Code, but GTECH denies the allegations of patent infringement in the Complaint.

4. Admitted.

5. Admitted.

6. Upon information and belief, GTECH admits that U.S. Patent number 6,648,753 B1 ("the '753 patent"), entitled "Method of Playing A Group Participation Game" and listing Joseph J. Tracy and Mark Guthrie Meyer as the named inventors, appears to have issued on November 18, 2003. GTECH is presently without information sufficient to form a belief as to

the truth of the allegation that "Scientific Games is the owner of the entire right, title and interest in the '753 patent[,]" and therefore denies the same.

7. Upon information and belief, GTECH admits that U.S. Patent number 6,692,354 B2 ("the '354 patent"), entitled "Method of Playing A Group Participation Game" and listing Joseph J. Tracy and Mark Guthrie Meyer as the named inventors, appears to have issued on February 17, 2004. GTECH is presently without information sufficient to form a belief as to the truth of the allegation that "Scientific Games is the owner of the entire right, title and interest in the '354 patent[,]" and therefore denies the same.

## COUNT ONE
### (Infringement of the '753 Patent)

8. GTECH incorporates paragraphs 1 through 7 of this Answer by reference as if fully set forth herein.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## COUNT TWO
### (Infringement of the '354 Patent)

13. GTECH incorporates paragraphs 1 through 12 of this Answer by reference as if fully set forth herein.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

18. Claims of the '753 and/or '354 patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112 and 116, and/or for double patenting.

### Second Affirmative Defense

19. GTECH has not engaged in any activities that constitute direct, contributory, or inducement of infringement of any valid claim of the '753 patent or the '354 patent.

### Third Affirmative Defense

20. Due to the state of the prior art and/or representations made to the U.S. Patent and Trademark Office during the prosecution of the '753 and/or '354 patents, including amendments to the claim language and/or arguments in support of patentability, Scientific Games is estopped from alleging that GTECH infringes claims of the '753 and/or '354 patents.

## PRAYER FOR RELIEF AS TO SCIENTIFIC GAMES'S COMPLAINT

WHEREFORE, defendant GTECH prays that the court enter judgment:

a) Denying Scientific Games any and all relief for any claim alleged in the Complaint;

b) Entering judgment in favor of GTECH and against Scientific Games on each claim of the Complaint, and dismissing each such claim with prejudice;

c) Awarding GTECH its costs and attorneys' fees incurred in defending this action; and

d) Granting GTECH such other and further relief as this Court deems proper.

## COUNTERCLAIM

Counterclaim Plaintiff GTECH for its Counterclaim against Counterclaim Defendant Scientific Games alleges and states as follows:

### COUNT ONE
(Declaratory Judgment of
Invalidity and Noninfringement)

1. GTECH is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 55 Technology Way, West Greenwich, Rhode Island 02817.

2. Scientific Games is a corporation organized and existing under the laws of the State of Delaware.

3. Scientific Games alleges in its Complaint that it is the owner of the '753 and '354 patents and has charged GTECH with infringement of these patents. GTECH has denied infringement of any valid claim of the '753 and '354 patents and has alleged that claims of the '753 and/or '354 patents are invalid.

4. Accordingly, an actual controversy has arisen between the parties regarding the validity and infringement of the '753 and '354 patents.

5. This Court has jurisdiction over this Counterclaim pursuant to Title 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

6. Claims of the '753 and/or '354 patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112 and 116, and/or for double patenting.

7.  GTECH has not engaged in any activities that constitute direct, contributory, or inducement of infringement of any valid claim of the '753 patent or the '354 patent.

## PRAYER FOR RELIEF AS TO GTECH'S COUNTERCLAIM

WHEREFORE, defendant and counterclaimant GTECH prays that the court enter judgment:

a)  Dismissing the Complaint as to GTECH in its entirety with prejudice;

b)  Declaring that claims of the '753 patent and/or '354 patents are invalid for failure to comply with one or more requirements of Title 35 of the United States Code and/or for double patenting;

c)  Declaring that GTECH is not infringing and has not infringed any valid claim of the '753 patent or '354 patent either by direct, contributory, or induced infringement;

d)  Permanently enjoining Scientific Games, its officers, agents, directors, servants, employees, attorneys, parent corporations, related corporations, subsidiaries, assigns, and all those acting in active concert or participation with any of them, from asserting or otherwise seeking to enforce the '753 patent or '354 patent against GTECH;

e)  Declaring this case exceptional under 35 U.S.C. § 285 and awarding GTECH its attorneys' fees, costs of this action, and such other or further relief as the Court may deem just and proper.

GTECH demands a jury trial for all triable issues of fact raised by any of the claims or counterclaims of this action.

Respectfully Submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: June 30, 2005

Josy Ingersoll (#1088)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: 302-571-6600
jingersoll@ycst.com
Attorneys for Defendant and Counterclaimant,
GTECH Corporation

OF COUNSEL:
Thomas J. Meloro
Larissa A. Soccoli
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Douglas E. Ringel
KENYON & KENYON
1500 K Street NW
Washington, DC 20005
(202) 220-4200

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on June 30, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jack B. Blumenfeld, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> Wilmington, DE 19801

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> /s/ Josy W. Ingersoll
> Josy W. Ingersoll (No. 1088)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> (302) 571-6600
> jingersoll@ycst.com
>
> Attorneys for GTECH Corporation