IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCIENTIFIC GAMES ROYALTY CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 05-276 (JJF) ) |
| GTECH CORPORATION, | ) ) |
| Defendant. | ) |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties to this litigation (the "parties"), plaintiff Scientific Games Royalty Corporation ("Scientific Games") and defendant GTECH Corporation ("GTECH"), seek to protect their respective proprietary business information, including trade secret information, financial information, technology licensing information, new product design and development information, and other confidential information that may be subject to discovery in this case; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information;

NOW THEREFORE, IT IS HEREBY STIPULATED, by and among the parties, by and through their respective counsel, subject to the approval of the Court, as follows:

1.  The term "Confidential Information" as used in this Order includes all information and tangible things that a party reasonably believes constitute or disclose confidential or proprietary information of one of the parties. Confidential Information may

be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

    2.  The term "Designating Party" means the party, third party, or person designating documents or information as Confidential Information under this Order.

    3.  The term "Receiving Party" means the party to this action to whom the Confidential Information is disclosed.

    4.  Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of this civil action. Except with the prior written consent of the Designating Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order.

    5.  The parties, and any third party responding to a discovery request of a party, may designate material as containing Confidential Information in the following manner:

    (a)  A Designating Party may designate testimony at a deposition that contains Confidential Information by notifying all parties in writing, within ten (10) days after the Designating Party's receipt of the transcript, that portions of the deposition contain Confidential Information. The Designating Party shall timely inform the court reporter for the deposition which testimony is to be marked Confidential. Accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to

outside counsel of record only, from the taking of the deposition until fifteen (15) days after actual receipt of the transcript by the Designating Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless written notice was provided prior to the expiration of said period, the entire transcript shall be deemed non-confidential.  A verbal designation on the record that portions of the deposition contain Confidential Information shall satisfy the "written" designation requirement.

(b) Confidential Information contained in any affidavit, brief, memorandum or other paper filed with the Court in this action may be designated as Confidential Information by indicating on the face of such documents that one or more parties consider them to contain Confidential Information.

(c) Documents produced in discovery that contain Confidential Information shall be designated by conspicuously affixing a legend in the form of "CONFIDENTIAL," or the like.  With respect to any Confidential Information that is not produced in paper form (such as diskettes, CD-ROMs, or other non-paper storage media) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party shall, to the extent practicable, produce such Confidential Information with a cover labeled "CONFIDENTIAL."  For Confidential Information produced on diskettes, CD-ROMs or other non-paper storage media, only those persons identified in paragraph 6 may create paper versions of such media (by printing or other means) produced by another Designating Party.  If any such person shall print or otherwise create paper copies of non-paper versions of materials produced by a Designating Party that are designated "CONFIDENTIAL," such person shall timely stamp such documents "CONFIDENTIAL"

and the name or other indication of the Designating Party prior to distributing such documents to others.

      6.    Material designated as Confidential Information, and any summary, description or report containing such Confidential Information, may be disclosed only to the following persons:

      (a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

      (b)    independent consultants and experts who are not current employees of any party in this matter and who have been retained by outside counsel for Scientific Games or GTECH to provide assistance in this action, with disclosure only to the extent necessary to perform such work, subject to the provisions of paragraph 7(c);

      (c)    graphics or design services personnel retained by outside counsel for purposes of preparing demonstrative or other exhibits for depositions, trials, or other court pleadings in this action;

      (d)    non-technical jury or trial consulting services retained by outside counsel;

      (e)    document imaging and database services personnel retained by outside counsel, and consultants retained by outside counsel to set up, maintain and/or operate computer systems, litigation databases or convert data for inclusion in such databases;

      (f)    the parties' outside counsel of record in this action as specifically set forth below and any other outside counsel for a party that appears in this

action, and photocopy services personnel retained by counsel, their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action:

> For Scientific Games:
>
>> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>> 1201 N. Market Street
>> P.O. Box 1347
>> Wilmington, DE  19899
>
> For GTECH:
>
>> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>> 1000 West Street, 17th Floor
>> P.O. Box 391
>> Wilmington, DE  19899
>
> and
>
>> FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
>> 901 New York Avenue, NW
>> Washington, DC 20001-4413

Notwithstanding the foregoing, no one who is engaged in the prosecution of patent applications for a party shall be permitted access to Confidential Information of an opposition party.

   7. (a) A party may exclude from a deposition any person who is not entitled to have access to Confidential Information when such Information is the subject of examination.

    (b) No Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 6(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed

an Undertaking in the form attached hereto as Exhibit A. The original of each Undertaking shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information.

(c) Before individuals under subparagraph 6(b) may have access to Confidential Information, the Receiving Party must submit to the Designating Party the signed Undertaking as well as the consultant's or expert's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience. If the Designating Party does not within five (5) business days from receipt of the Undertaking object in writing, setting forth the specific grounds for the objection, Confidential Information may then be disclosed to the consultant or expert. If a timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Designating Party has ten (10) days from receipt of the Undertaking to bring a motion to preclude the consultant or expert from viewing the Designating Party's Confidential Information. If the Designating Party does not bring such a timely motion, Confidential Information may be disclosed to the consultant or expert.

(d) Pursuant to subparagraph 7(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege that applies to communications with the consultant or the consultant's work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order, the parties do not intend to modify in any way the discovery rules applicable to consulting experts.

8. As to any material designated as Confidential Information, the Designating Party shall hereby be deemed to have certified that it believes in good faith that good cause exists, within the meaning of Fed. R. Civ. P. 26(c), for the Court to grant a

protective order covering such material. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective Order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information to ensure that the confidential nature of the same is maintained.

9. It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is Confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10. If a party disagrees with the designation of any information as Confidential, such party shall first make its objection known to the Designating Party and

request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information is on the party making such designation. Until there is a determination by the Court, the information at issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11. During the course of interviewing a potential witness or preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact witness or deponent may be shown Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored, sent or received by the witness or deponent outside the context of this litigation. This shall not preclude a Designating Party from showing documents that it has produced to its own witnesses and deponents, regardless of whether the Designating Party has designated the document(s) that it produced as Confidential Information and regardless of whether such person was the author or a recipient of the document.

12. At the deposition of a third party or former employee of a Designating Party, such third party or former employee of a Designating Party may be shown documents designated as Confidential Information if the document reveals on its face that it was authored by, sent or received by that third party or former employee, or provided that the

Designating Party consents to such disclosure. A party or present employee of a Designating Party may be examined and may testify concerning all Confidential Information produced by that Designating Party.

13. Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Designating Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to retrieve such material and to prevent further disclosure of it by the person who received the Confidential Information.

14. Written material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and a statement substantially in the following form:

**CONFIDENTIAL --
FILED UNDER SEAL**

15. The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision hereof.

16. Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure.

17. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that prompt notice is given to the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice that privileged information or work-product material has been inadvertently produced, such information shall be returned to counsel for the Designating Party and the Receiving Party shall not use such information for any purpose except application to the Court until further order of the Court. In response to an application to the Court by the Receiving Party to compel production of such information, the Designating Party shall submit the documents or testimony at issue to the Court for *in camera* inspection.

18. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders.

19. Third parties who produce information in this action may avail themselves of the provisions of this Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Order.

20. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose another party's information designated

Confidential pursuant to this Order shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

21. In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential Information by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential Information and shall give prompt written notice to the Designating Party. If the person seeking access to the Confidential Information takes action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order. Nothing in this Order shall be construed as precluding production of Confidential Information covered by this Order in response to a lawful court order.

22. (a) Within sixty (60) days after a final, non-appealable termination of this case, all Confidential Information shall be destroyed by all receiving parties or shall be returned to the Designating Party. If any Receiving Party destroys any such Confidential Information, that party shall send a letter to the Designating Party confirming the same.

(b) Notwithstanding the foregoing, each outside counsel of record for each party may maintain in its files one copy of each document filed with the Court, one copy of all trial, hearing, and deposition transcripts, and one copy of all exhibits thereto containing Confidential Information. All such material shall remain subject to the terms of this Order.

23. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an Order of the Court.

AGREED TO BY:

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Melanie K. Sharp* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com<br>   Attorneys for Plaintiff | Josy W. Ingersoll (#1088)<br>Melanie K. Sharp (#2501)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE 19899<br>(302) 571-6600<br>msharp@ycst.com<br>       Attorneys for Defendant |

SO ORDERED this ___ day of _____, 2006.

_____
Judge Joseph J. Farnan, Jr.

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCIENTIFIC GAMES ROYALTY CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-276 (JJF) |
| GTECH CORPORATION, | ) ) ) | |
| Defendant. | ) | |

## **UNDERTAKING**

I, _____, hereby declare that:

1. I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the District of Delaware, in the above-captioned matter.

2. I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information to any person who is not permitted to have access to such Confidential Information by this Order, as applicable.

3. Upon final determination of this action, I will destroy all Confidential Information received by me within sixty (60) days after sealing of the final order, or I will return such Confidential Information within sixty (60) days to the Designating Party. If I destroy such Confidential Information, I agree to send a letter to the Designating Party confirming the same.

4. I understand that a violation of this Undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Order.

       5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____

_____
            [signature]

_____
            [print or type name]

Title:

Business Affiliation:

Address:

Phone:

536657

2